UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| COREY YATES, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | No. 1:07-cv-985-DFH-WTL |
| ) | |
| STANLEY KNIGHT, ) | |
| ) | |
| Respondent. ) | |

**Entry Denying Petition for Writ of
Habeas Corpus and Directing Entry of Judgment**

The petition of Corey Yates ("Yates") for a writ of habeas corpus is **denied** and this action is **dismissed with prejudice.**

**I. Nature of the Case**

Yates seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**II. Parties**

Yates is an inmate at the Pendleton Correctional Facility.

The respondent is the Superintendent of the Pendleton Correctional Facility and is sued in this action in his official capacity only as Yates' custodian.

**III. Background**

Yates was convicted after trial by jury in an Indiana state court of Murder and the Unlawful Possession of a Firearm. He was also found to be an habitual offender. He was sentenced to an executed term of 115 years for these crimes.

Yates' convictions and sentence were affirmed on direct appeal in *Yates v. State,* Cause Number 02A04-0404-CR-189 (Ind.Ct.App. December 29, 2004). The Indiana Court of Appeals described the facts of Yates' offenses as follows:

> On June 15, 2003, Yates, Lee, James Ross, Smith, and Franklin McKee were talking and drinking beer in the parking lot of an apartment complex. As Smith started walking away from the group, he heard a sound and looked behind him to see Yates shooting a gun and McKee grabbing his own arm. Smith ran into a nearby building to call the police. Ross, who was McKee's

nephew, saw Yates shoot McKee. When McKee was hit with the first bullet, he backed up, tripped over the curb, and fell on his back. Yates stood over McKee and emptied his revolver, shooting McKee five times. After the revolver was empty, Yates continued squeezing the trigger and calling McKee a "Ni**er." (Tr. at 166.)

Porsch'e Royal, who was staying at the apartment complex with her aunt, was looking out the window when Yates began shooting McKee. She saw Yates shoot McKee five or six times, first from a distance of five to ten feet and then closer as Yates walked toward McKee after he fell down. Royal ran down the street to find a police officer. Yates' sister, who lived in the apartment complex, awoke when she heard gunshots. She got out of bed and looked out the window. She saw Yates throw what she believed was a gun into the bushes as he was walking away from McKee.

*Id.,* at pp. 2-3. In that direct appeal, the Indiana Court of Appeals considered and rejected Yates' arguments that: (1) the evidence was insufficient to support his convictions for murder and possession of a firearm; (2) the prosecutor's questions about Yates' silence after arrest violated *Doyle v. Ohio,* 426 U.S. 610 (1976); and (3) his sentence was improper. No petition to transfer was filed.

The trial court then denied Yates' petition for post-conviction relief, and Yates' appeal from that disposition was dismissed on procedural grounds on March 1, 2007.

### IV. Yates' Claims

Yates' claims here are that: (1) trial counsel was ineffective for filing a motion to determine competency (delaying his speedy trial); (2) the trial court improperly conducted a competency hearing (delaying trial); (3) the trial court violated Indiana's speedy trial rule; and (4) appellate counsel rendered ineffective assistance for failing to raise his habeas claims on direct appeal and for failing to seek transfer.

### V. Standard of Review

Yates seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a). He may obtain such a writ if he establishes that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a) (1996). See *Conner v. McBride,* 375 F.3d 643, 649 (7th Cir. 2004). A federal court may issue a writ of habeas corpus only if the state court reached a decision that was either contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court. *Julian v. Bartley,* 495 F.3d 487, 492 (7th Cir. 2007). "In assessing the reasonableness of the state court's decision, the federal court assumes that the state courts' factual determinations are correct unless the defendant rebuts them with clear and convincing evidence." *Id.*

In addition to the foregoing substantive standard, when a habeas petitioner has committed procedural default–which occurs either (1) when a petitioner failed to exhaust

2

state remedies and the court to which he would have been permitted to present his claims would now find such claims procedurally barred, *Coleman v. Thompson,* 501 U.S. 722, 735 n.1 (1990), or (2) "if the decision of [the state] court rests on a state law ground that is independent of the federal question and adequate to support the judgment" *id.,* at 729–the habeas court may not reach the merits of the habeas claims unless the habeas petitioner overcomes the consequences of that waiver by "demonstrat[ing] either (a) cause for the default and prejudice (i.e., the errors worked to the petitioner's '*actual* and substantial disadvantage,'); or (b) that failure to consider his claim would result in a fundamental miscarriage of justice (*i.e.*, a claim of actual innocence)." *Conner,* 375 F.3d at 649 (internal citations omitted).

## VI. Analysis

Yates has replied to the respondent's return to order to show cause. Yates makes two arguments in his reply. He first argues that the respondent's return to the court's order to show cause was untimely. He next argues that he can demonstrate cause for and prejudice from his procedural default.

*Delinquent Filing of Return to Order to Show Cause.* With respect to the timing of the respondent's return to order to show cause, that pleading was filed with the clerk on October 22, 2007. Through the Entry issued on September 21, 2007, the respondent was given through October 20, 2007, in which to file his return. However, because that deadline fell on a weekend, the respondent had through the next business day in which to file. The respondent did so, inasmuch as October 22, 2007, was the Monday following the Saturday on which October 20, 2007, fell. The filing of the respondent's return to order to show cause on October 22, 2007, was not delinquent. Yates' contention that the respondent has waived its defense of procedural default must therefore be **rejected.**

*Procedural Default.* Yates concedes that he committed procedural default with respect to his habeas claims. He maintains, however, that he can demonstrate cause for and prejudice from his procedural default. The cause for his default, according to Yates, is his appellate counsel's "failure to preserve, raise and cogently argue [Yates'] meritorious claims upon direct appeal."

Although it is true that ineffective assistance rising to the level of a constitutional violation can constitute "cause" sufficient to excuse a procedural default, *Murray v. Carrier,* 477 U.S. 478, 488 (1986); *Steward v. Gilmore,* 80 F.3d 1205, 1212 (7th Cir. 1996), it does not do so in this case because it was not properly and fully presented to the Indiana state courts. Yates asserts that he raised this "in the context of ineffective assistance of counsel" on post-conviction review. However, his appeal from that decision was dismissed for failure to comply with Indiana's procedures for taking an appeal. The consequence of this, in turn, is that the ineffective assistance of counsel is not available to Yates to overcome the consequences of his procedural default. *Lemons v. O'Sullivan*, 54 F.3d 357, 360 (7th Cir. 1995); *Lostutter v. Peters,* 50 F.3d 392, 396 (7th Cir. 1995).    Yates also states that it would be a fundamental miscarriage of justice for his claims not to be addressed, but he does not make a plausible case for his factual innocence.

3

**VII. Conclusion**

This court has carefully reviewed the state record in light of Yates' claims and has given such consideration to those claims as the scope of its review in a habeas corpus proceeding permits. "A defendant whose position depends on anything other than a straightforward application of established rules cannot obtain a writ of habeas corpus." *Liegakos v. Cooke,* 106 F.3d 1381, 1388 (7th Cir. 1997). No such established rules entitle Yates to relief in this case. His petition for a writ of habeas corpus is therefore **denied.** Judgment consistent with this Entry shall now issue.

So ordered.

_____
DAVID F. HAMILTON, Judge
United States District Court

Date: 11/19/2007